# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 East 42nd Street, 4510  Telephone: (212) 317-1200
New York, New York 10165  Facsimile: (212) 317-1620
_____

gnaydenskiy@faillacelaw.com

March 5, 2020

**VIA ECF**
Hon. Paul G. Gardephe
United States District Court
40 Foley Square
New York, New York 10007

Re:   Trinidad Reyna et al v. Sailed, LLC et al
      Index No. **19-cv-06969-PGG-KNF**

Dear Ms. Gardephe:

This office represents Plaintiffs in the above referenced matter. The parties have agreed to a settlement after attending mediation. A copy of the Agreement is attached hereto as Exhibit A. We therefore ask the Court to approve the settlement, pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015) and to retain jurisdiction of the matter.

## BACKGROUND

Plaintiff filed his Complaint against Defendants alleging claims for unpaid minimum and overtime wages, liquidated damages, interest, attorneys' fees, and costs pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. (FLSA), the New York Minimum Wage Act, N.Y. Lab. Law § 650 *et seq.*, and the annual notice and wage statement requirements of the New York Labor Law (N.Y. Lab. Law. § 195).

## SETTLEMENT TERMS

Plaintiff alleges that he would be entitled to back wages of approximately $15,825 as his best case scenario. However, Defendants contend that they can't withstand a big judgment. After reviewing the tax returns provided to the undersigned, the undersigned understands that collecting

a big judgment may prove difficult. Thus, in order to avoid the risks of protracted litigation and the risk of attempting to collect an uncollectable judgment, the parties have agreed to settle this action for the total sum of $16,000. A copy of Plaintiffs' best-case damages chart, breaking down each amount sought from Defendants, is attached as Exhibit B.

A court may approve a settlement where it "reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Le v. Sita Information Networking Computing USA, Inc.*, No. 07 Civ. 0086, 2008 U.S. Dist. LEXIS 46174 at *2 (E.D.N.Y. June 12, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)); *see also Kopera v. Home Depot U.S.A., Inc.*, No. 09 Civ. 8337, 2011 U.S. Dist. LEXIS 71816, at *2 (S.D.N.Y. June 24, 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved.").

Therefore, Plaintiffs believe the settlement is reasonable because of the risk that Defendants will not be able to withstand a great judgment.

## ATTORNEYS' FEES

Plaintiffs' counsel will receive $5,712.66 which consists of 1) $569.00 in costs subtracted from the $16,00 settlement amount and divided by three plus 2) costs of $569.00 which represents costs actually incurred by counsel in litigating this action (which includes filing and service of process fees).

Courts have ruled that a one-third contingency fee plus costs is reasonable. *Alvarez v Sterling Portfolio Inv. L.P.*, 2017 US Dist LEXIS 206043, at *16 [EDNY Dec. 13, 2017]) (Judge Scanlon ruled that a one-third attorney fee is typical with no requirement for a lodestar cross

check); *See also Antonio Alonso, Plaintiff, v. Le Bilboquet NY, LLC, et al., Defendants.*, No. 16-CV-8448 (JMF), 2017 WL 445145, at *1 (S.D.N.Y. Feb. 1, 2017) (Granting Plaintiff's attorney one-third of the settlement amount wherein "it is consistent with a commonly approved percentage, there are no opt-in plaintiffs, the case is not a collective action, and the attorney's fee award is based on an agreement between Plaintiff and counsel")(internal citations omitted). Accordingly, here, Plaintiffs' counsel respectfully requests Your Honor approve a one-third contingency fee plus costs.

## CONCLUSION

In full consideration of the issues presented in both *Cheeks* and *Wolinsky,* we believe that the parties' agreement is fair and reasonable, and that the settlement should be approved.

Thank you for your consideration in this matter.

                                                Respectfully Submitted,

                                                /s/ Gennadiy Naydenskiy

                                                Gennadiy Naydenskiy

Encls.

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GABRIEL TRINIDAD REYNA, *individually and on behalf of others similarly situated*,

Plaintiff,

-against-

SAILED, LLC (D/B/A FRIENDLY'S PIZZERIA), ARTURO FLORES, and GERARDA ROSAS,

Defendants.

19-cv-06969-PGG-KNF

SETTLEMENT AGREEMENT
AND
RELEASE

This Settlement Agreement and Release of Claims ("Agreement") is entered into as of __ day of March 2020 (the "Effective Date") by and among Plaintiff Gabriel Trinidad Reyna ("Plaintiff Trinidad"), on the one hand, and Sailed, LLC (d/b/a Friendly's Pizzeria) ("Defendant Company"), Arturo Flores, and Gerarda Rosas (each and "Individual Defendant" and, collectively, "Defendants"), on the other hand. Plaintiff Trinidad and Defendants are referred to herein together as the "Parties" or, individually, a "Party."

WHEREAS, Plaintiff Trinidad alleges that he worked for Defendants as an employee; and

WHEREAS, a dispute has arisen regarding Plaintiff Trinidad's alleged employment and the terms thereof, which dispute has resulted in the filing of an action in the United States District Court for the Southern District of New York (the "Court"), Civil Action No: 19-cv-06969-PGG-KNF (hereinafter "the Litigation"), alleging, among other things, a violation of federal and state wage and hour and overtime laws;

WHEREAS, Defendants deny any violation of federal and state wage and hour and overtime laws; and

WHEREAS, the Parties desire to resolve all disputes between and among them without the necessity of further litigation;

NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, it is hereby agreed as follows:

1. <u>Payment</u>: Defendants shall pay or cause to be paid to Plaintiff Trinidad and his counsel, subject to the terms and conditions of this Agreement, the gross sum of Sixteen Thousand Dollars and No Cents (**$16,000.00**) (the "Settlement Amount"), within thirty (30) days after approval of this Agreement by the Court, or any order modifying and entering this Agreement, in the following manner:

| | |
|---|---|
| GABRIEL TRINIDAD REYNA | $5,143.67 as W-2 and $5,143.67 as 1099 |
| MICHAEL FAILLACE & ASSOCIATES, P.C., ATTORNEYS' FEES AND COSTS | $5,712.66 |

Notwithstanding the foregoing, Defendants shall not be required to pay, or cause to be paid, the Settlement Amount (in whole or in part) unless, within fifteen (15) days after approval of this Agreement by the Court, or any order modifying and entering this Agreement, Plaintiff Trinidad delivers to Defendants (through the Parties' respective counsel) (i) duly prepared and executed IRS Forms W-4 and W-9, and (ii) a copy of a valid government-issued identification for Plaintiff Trinidad. Plaintiff Trinidad acknowledges and agrees that he (i) will duly report the Settlement Payment to the Internal Revenue Service ("IRS") to the extent required by law, and (ii) hereby releases and holds harmless the Defendant Releasees (defined below) from any tax liability arising from Plaintiff Trinidad's failure to duly report the Settlement Payment to the IRS to the extent required by law.

2. <u>Releases and Covenants Not To Sue</u>: Except for any rights and obligations of the Parties under this Agreement:

a) Plaintiff Trinidad, by and on behalf of himself and any of his affiliates, heirs, successors, assigns, agents, managers, advisors, attorneys, and legal representatives (the "Plaintiff Releasors"), hereby fully, irrevocably, unconditionally, and forever releases and discharges Defendants, and for each of them, their heirs, successors, assigns, affiliates, parent organizations, subsidiaries, directors, officers, owners, shareholders, members, employees, agents, attorneys, legal representatives, and managers, in their respective capacities as such (the "Defendant Releasees"), of and from any and all claims, demands, actions, rights, dues, sums of money, accounts, contracts, debts, judgments, reckonings, bonds, bills, specialties, covenants, controversies, agreements, promises, sanctions, penalties, trespasses, liabilities, obligations, damages, losses, and executions, in law or in equity, of any kind, type, or nature whatsoever, whether known or unknown, whether or not concealed or hidden, fixed or contingent, direct or indirect, anticipated or unanticipated, asserted or that could have been asserted, from the beginning of time through the Effective Date, relating to or arising from the Litigation, Plaintiff Trinidad's employment by any Defendants, and/or Plaintiff's work at the Defendant Company, including but not limited to any claims alleging violations of or seeking to recover damages and/or attorneys' fees and costs under any agreement or under the Fair Labor Standards Act, New York's Labor Law, or any other laws, regulations, or rules (hereinafter, excluding the rights and obligations of the Parties under this Agreement, the "Released Claims Against Defendant Releasees"). The Plaintiff Releasors further covenant not to sue the Defendant Releasees (or to bring any other legal action or proceeding against them) concerning the Released Claims Against the Defendant Releasees. The Defendant Releasees, to the extent they are not parties to this Agreement, shall be deemed intended third-party beneficiaries of this Agreement for purposes of this provision. Plaintiff Releasors agree that this paragraph constitutes a waiver of any statutory provision, right, or benefit of any state or territory of the United States or any jurisdiction, and any principle of common law at law or in equity, that prohibits the waiver of unknown claims. Plaintiff Releasors expressly waive any right

to assert hereafter that any Released Claims Against Defendant Releasees were excluded from this Agreement through ignorance, oversight, error, or otherwise.

b) Defendants, by and on behalf of themselves and any of their affiliates, heirs, successors, assigns, agents, managers, advisors, attorneys, and legal representatives (the "Defendant Releasors"), hereby fully, irrevocably, unconditionally, and forever release and discharge Plaintiff Trinidad and his heirs, successors, assigns, affiliates, parent organizations, subsidiaries, directors, officers, owners, shareholders, members, employees, agents, attorneys, legal representatives, and managers, in their respective capacities as such (the "Plaintiff Releasees"), of and from any and all claims, demands, actions, rights, dues, sums of money, accounts, contracts, debts, judgments, reckonings, bonds, bills, specialties, covenants, controversies, agreements, promises, sanctions, penalties, trespasses, liabilities, obligations, damages, losses, and executions, in law or in equity, of any kind, type, or nature whatsoever, whether known or unknown, whether or not concealed or hidden, fixed or contingent, direct or indirect, anticipated or unanticipated, asserted or that could have been asserted, from the beginning of time through the Effective Date, relating to or arising from the Litigation, Plaintiff Trinidad's employment by any Defendants, and/or Plaintiff's work at the Defendant Company, including but not limited to any claims alleging violations of or seeking to recover damages and/or attorneys' fees and costs under any agreement or under the Fair Labor Standards Act, New York's Labor Law, or any other laws, regulations, or rules (hereinafter, excluding the rights and obligations of the Parties under this Agreement, the "Released Claims Against Plaintiff Releasees"). The Defendant Releasors further covenant not to sue the Plaintiff Releasees (or to bring any other legal action or proceeding against them) concerning the Released Claims Against the Plaintiff Releasees. The Plaintiff Releasees, to the extent they are not parties to this Agreement, shall be deemed intended third-party beneficiaries of this Agreement for purposes of this provision. Defendant Releasors agree that this paragraph constitutes a waiver of any statutory provision, right, or benefit of any state or territory of the United States or any jurisdiction, and any principle of common law at law or in equity, that prohibits the waiver of unknown claims. Defendant Releasors expressly waive any right to assert hereafter that any Released Claims Against Plaintiff Releasees were excluded from this Agreement through ignorance, oversight, error, or otherwise.

3. <u>Dismissal of Litigation With Prejudice</u>.    Contemporaneous with the execution of this Agreement, Plaintiff Trinidad and the Defendants (by and through their respective counsel) shall execute, and shall thereafter deliver to counsel for the other Parties, not later than one business day after execution of this Agreement, the Stipulation of Voluntary Dismissal <u>With</u> Prejudice, in the form set forth in Exhibit <u>A</u> hereto. Plaintiff (by and through its counsel) shall, within ten (10) business days after the Court approves this Agreement, file the above-specified Stipulation of Dismissal <u>With</u> Prejudice, and shall take any other steps required to facilitate and notify the Court of such dismissal. The Parties shall reasonably cooperate with one another, as needed, to facilitate such dismissal.

3. <u>No Admission of Wrongdoing</u>: This Agreement and compliance with this Agreement shall not be construed as an admission by Defendants of any liability whatsoever, or of any violation of any statute, regulation, duty, contract, right, or order.

4.  Modification of the Agreement: This Agreement may not be changed unless the changes are in writing and signed by proper representatives of, respectively, Plaintiff Trinidad and Defendants.

5.  Acknowledgments: Plaintiff Trinidad and Defendants acknowledge that they are not relying upon any statement, representation or promise in executing this Agreement except for statements, representations or promises expressly set forth in this Agreement. They further acknowledge and agree that the only consideration for signing this Agreement is as set forth in this Agreement.

6.  Notices: Notices required under this Agreement shall be in writing and shall be deemed given on the first business day following first-class mailing and electronic transmission thereof. Notice hereunder shall be delivered to:

To Plaintiff Trinidad:

Michael Faillace, Esq.
**MICHAEL FAILLACE & ASSOCIATES, P.C.**
60 East 42nd St. Suite 4510
New York, NY 10165
Tel: (212) 317-1200
Fax: (212) 317-1620
Email: michael@faillacelaw.com

To Defendants:

Kerry Tyler Cooperman
**Stroock & Stroock & Lavan LLP**
180 Maiden Lane
New York, NY 10038
Tel: (212) 806-6544
Fax: (212) 806-6006
Email: kcooperman@stroock.com

7.  Governing Law: This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, excluding the conflict-of-laws principles thereof. The Parties consent and stipulate to the personal jurisdiction of the United States District Court for the Southern District of New York and the Supreme Court of the State of New York in any subsequent proceeding to enforce this Agreement.

8.  Enforceability: If any provision of this Agreement is held to be illegal, void, or unenforceable, such provision shall be of no force or effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement, provided, however, that upon any finding by a court of competent jurisdiction that a release or waiver of claims or rights or a covenant set forth herein is illegal, void or unenforceable, Plaintiff Trinidad agrees to promptly execute a release, waiver and/or covenant that is legal and enforceable.

9. <u>Release Notification</u>: Defendants advised Plaintiff Trinidad, on his own behalf and on behalf of the other Plaintiff Releasors, to discuss the terms of this Agreement and the releases of claims and covenants not to sue set forth herein with his legal counsel and Plaintiff Trinidad, on his own behalf and on behalf of the other Plaintiff Releasors, acknowledges that he has consulted with Michael Faillace, Esq. of Michael Faillace & Associates, P.C. Plaintiff Trinidad acknowledges, on his own behalf and on behalf of the other Plaintiff Releasors, that it is his choice to waive any potential claims in return for the benefits set forth herein and that each of them made this decision after careful thought and a reasonable period of time to consider this Agreement, and after an opportunity to consult with their attorneys. Plaintiff Trinidad confirms that this Agreement, including the release of claims and covenants not to sue set forth herein, has been translated to him in Spanish and that he understands the terms of this Agreement and that he is signing this Agreement voluntarily.

10. <u>Counterparts</u>: To signify their agreement to the terms of this Agreement, including the releases of claims and covenants not to sue set forth herein, the Parties have executed this Agreement on the date set forth opposite their signatures, which appear below. This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all Parties hereto, notwithstanding that all of such Parties may not have executed the same counterpart. This agreement may also be executed by facsimile transmission.

[signature page to follow]

IN WITNESS WHERE, the undersigned Parties have knowingly and voluntarily caused this Agreement to be executed on and as of the Effective Date.

PLAINTIFF:

By: _____          Date: 3/3/2020
    GABRIEL TRINIDAD REYNA


DEFENDANTS:

By: _____          Date: _____
    SAILED, LLC


By: _____          Date: _____
    ARTURO FLORES


By: _____          Date: _____
    GERARDA ROSAS

    IN WITNESS WHERE, the undersigned Parties have knowingly and voluntarily caused this Agreement to be executed on and as of the Effective Date.

PLAINTIFF:

By: _____          Date: _____
    GABRIEL TRINIDAD REYNA


DEFENDANTS:

By: _*/s/ Arturo Flores*_____          Date: 03-02-2020
    SAILED, LLC

By: _*/s/ Arturo Flores*_____          Date: 03-02-2020
    ARTURO FLORES

By: _*/s/ Gerarda Rosas*_____          Date: 03-02-2020
    GERARDA ROSAS

NY 77991500v1
02/06/2020 8:41 AM

# EXHIBIT A

## STIPULATION OF DISMISSAL WITH PREJUDICE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GABRIEL TRINIDAD REYNA, *individually and on behalf of others similarly situated,*<br><br>Plaintiff,<br><br>-against-<br><br>SAILED, LLC (D/B/A FRIENDLY'S PIZZERIA), ARTURO FLORES, and GERARDA ROSAS,<br><br>Defendants. | 19-cv-06969-PGG-KNF<br><br>STIPULATION OF VOLUNTARY DISMISSAL WITH PREJUDICE |

**IT IS HEREBY STIPULATED AND AGREED** by and between Plaintiff Gabriel Trinidad Reyna ("Plaintiff") and Defendants Sailed, LLC (d/b/a Friendly's Pizzeria), Arturo Flores, and Gerarda Rosas ("Defendants") that, pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure, the above-captioned action is voluntarily dismissed with prejudice. Each party will bear its own costs.

Dated:   New York, New York
         March __, 2020

MICHAEL FAILLACE & ASSOCIATES, P.C.          STROOCK & STROOCK & LAVAN LLP

By:_____          By:_____
:                                            _
Gennadiy Naydenskiy                          Kerry T. Cooperman
60 East 42nd Street, Suite 4510              180 Maiden Lane
New York, New York 10165                     New York, New York 10038
Tel: (212) 317-1200                          Tel: (212) 806-6544
gnaydenskiy@faillacelaw.com                  kcooperman@stroock.com

*Counsel for Plaintiff*                      *Counsel for Defendants*

# EXHIBIT B

Privileged Settlement Communication                                                                                                              Subject to  Revision / Correction

| Plaintiff | Pay Period From | Pay Period To | No. Weeks in Pay Period | Hours Per Week in Period | No. of SOH Days | Calc. Regular Rate of Pay | Calc. OT Rate of Pay | Minimum Wage Rate | Minimum Overtime (OT) | Lawful Weekly Pay | "Credited" Weekly Pay | Underpayment Per Week | Unpaid Wage & OT | Liq. Damages on Wages & OT | Unpaid Spred of Hours (SOH) Pay | Liq. Damages on unpaid SOH | Annual Wage Notice | Weekly Wage Statement |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Gabriel Trinidad Reyna | 7/9/2018 | 8/31/2018 | 8 | 50 | 0 | $ 8.40 | $ 12.60 | $ 13.00 | $ 19.50 | $ 715.00 | $ 420.00 | $ 295.00 | $ 2,360.00 | $ 2,360.00 | $ - | $ - | $ 5,000.00 | $ 5,000.00 |
|  | 9/1/2018 | 10/31/2018 | 9 | 50 | 0 | $ 9.00 | $ 13.50 | $ 13.00 | $ 19.50 | $ 715.00 | $ 450.00 | $ 265.00 | $ 2,385.00 | $ 2,385.00 |  |  |  |  |
|  | 11/1/2018 | 12/30/2018 | 8 | 50 | 0 | $ 9.60 | $ 14.40 | $ 13.00 | $ 19.50 | $ 715.00 | $ 480.00 | $ 235.00 | $ 1,880.00 | $ 1,880.00 |  |  |  |  |
|  | 12/31/2018 | 6/14/2019 | 24 | 50 | 0 | $ 10.00 | $ 15.00 | $ 15.00 | $ 22.50 | $ 825.00 | $ 500.00 | $ 325.00 | $ 7,800.00 | $ 7,800.00 |  | $ - |  |  |
|  | 6/15/2019 | 7/12/2019 | 4 | 50 | 0 | $ 9.50 | $ 14.25 | $ 15.00 | $ 22.50 | $ 825.00 | $ 475.00 | $ 350.00 | $ 1,400.00 | $ 1,400.00 |  |  |  |  |
|  |  |  |  |  |  |  |  |  |  |  |  |  | $ 15,825.00 | $ 15,825.00 |  | $ - | $ 5,000.00 | $ 5,000.00 |
|  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |
| TOTAL |  |  |  |  |  |  |  |  |  |  |  |  | $ 15,825.00 | $ 15,825.00 |  | $ - | $ 5,000.00 | $ 5,000.00 |

1 This chart is based upon preliminary information and the expected testimony of Plaintiffs.
2 Plaintiffs reserve the right to correct or amend this chart.
3 This Chart was prepared without the benefit of discovery, or the benefit of Defendants' required wage and hour records under the FLSA and NYLL.

| | |
|---|---|
| Filing Date | 7/25/2019 |
| FLSA | 7/25/2012 |
| NYLL | 7/25/2009 |
| Today | 10/4/2019 |

1 of 2

Privileged Settlement Communication                                         Subject to Revision / Correction

| Plaintiff | Pay Period | | Pre Jud. Interest (PJI) on OT & Wages | (PJI) Spread of Hours | Tools Of Trade | Total Per Period |
| --- | --- | --- | --- | --- | --- | --- |
| | From | To | | | | |
| Gabriel Trinidad Reyna | 7/9/2018 | 8/31/2018 | $ 247.90 | $ - | $ 743.00 | $ 15,710.90 |
| | 9/1/2018 | 10/31/2018 | $ 216.71 | | | $ 4,986.71 |
| | 11/1/2018 | 12/30/2018 | $ 142.78 | | | $ 3,902.78 |
| | 12/31/2018 | 6/14/2019 | $ 375.05 | $ - | | $ 15,975.05 |
| | 6/15/2019 | 7/12/2019 | $ 33.83 | | | $ 2,833.83 |
| | | | $ 1,016.26 | $ - | $ 743.00 | $ 43,409.26 |
| | | | | | | |
| TOTAL | | | $ 1,016.26 | $ - | | $ 43,409.26 |